[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10517
Non-Argument Calendar
_____

D.C. Docket No. 5:09-cv-00374-WTH-TBS

G BARRETT LLC,
f.k.a. Barrett and Gilbert LLC,
GREGORY BARRETT,
individually,
DANIEL GILBERT,
individually,

Plaintiffs-Appellants,

versus

THE GINN COMPANY, et al,

Defendants,

SUNTRUST MORTGAGE, INC.,

Defendant-Appellee.
_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 1, 2012)

Before TJOFLAT, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

G Barrett LLC, and its owners, Gregory Barrett, and Daniel Gilbert appeal the summary judgment against their amended complaint that SunTrust Mortgage, Inc., fraudulently induced them to purchase overvalued real estate and violated the Florida Deceptive and Unfair Trade Practices Act. The district court ruled that Barrett and Gilbert had affirmatively disclaimed any reliance on any representations by SunTrust about the value of the property. We affirm.

In June 2005, Gregory Barrett and his wife paid $739,900 to Ginn-LA Pine Island Ltd., LLLP, to purchase Lot 74 in the Bella Collina West development in Monteverde, Florida. The Barretts assigned the contract to G Barrett LLC. The owners of Barrett LLC, Gregory Barrett and Daniel Gilbert, signed all closing documents and obtained with personal guarantees a mortgage loan of $587,920 from SunTrust.

The sales contract, loan application, and loan financing agreement signed by Barrett and Gilbert contained three disclaimers about the value of the property. First, paragraph 14 of the sales contract provided that Ginn "specifically disclaim[ed] any responsibility for any . . . statements, promises or representations" made by its salespersons that were "in conflict with or in addition to the

2

information contained in this Contract and the Community Documents." In paragraph 14, Barrett and Gilbert "acknowledge[d] that [they] ha[d] not relied upon any such statements, promises or representations, if any, and waive[d] any rights or claims arising from any such statements, promises or representations." Second, Barrett and Gilbert acknowledged in section nine of the loan application that "neither [SunTrust] nor its agents, brokers, insurers, servicers, successors or assigns ha[d] made any representation or warranty, express or implied, . . . regarding the property or the condition or value of the property." Third, a notice provision on page 4 of the financing agreement advised Barrett and Gilbert of their right to a copy of the appraisal report and provided that "SunTrust makes no representations or warranties, express or implied, regarding the property, the condition of the property, or the value of the property."

After realtors refused in June 2008 to list Lot 74 for more than $200,000, Barrett LLC, Barrett, and Gilbert (collectively "Barrett") filed a complaint against SunTrust, Ginn, and three other defendants. Barrett alleged that SunTrust colluded with Ginn fraudulently to induce Barrett to purchase property that had been overvalued. Barrett also alleged that SunTrust misled Barrett about the value of the property, in violation of the Deceptive Practices Act, by using an appraisal that had been artificially inflated and misrepresenting the true loan-to-value ratio for

3

the mortgage loan.  Barrett sought monetary damages, but Barrett did not request rescission of the sales contract or the mortgage loan.  Later, Barrett settled with and dismissed the claims against Ginn and the three other defendants.

SunTrust moved for summary judgment, which the district court granted. The district court ruled that Barrett "failed to establish a prima facie case under either the [Deceptive Practices Act] or the tort of fraudulent inducement."  The district court ruled that the disclaimer in the sales contract "clearly nullif[ied] any prior representations concerning the value of the property (such as the allegedly fraudulent appraisal), [and] preclud[ed] any reliance [by Barrett] . . . on such statements."  In the event that "the terms of the [sales contract] . . . could not offer protection to SunTrust," the district court ruled that the disclaimers in the loan application and the financing agreement "expressly provide[d] that [Barrett] [could not] rely on any statements from SunTrust concerning the value of the Monteverde property . . . [and] directly repudiate[d] any prior statements SunTrust may have made (directly or through its appraiser) concerning the value of Lot 74."

The district court correctly granted summary judgment in favor of SunTrust. Barrett failed to establish a prima facie case of fraudulent inducement because Barrett could not prove that it had "act[ed] in reliance on [a false] representation" by SunTrust.  Johnson v. Davis, 480 So. 2d 625, 627 (Fla. 1985).  In the loan

4

application, Barrett expressly disclaimed reliance on any representation made by SunTrust about the value of Lot 74.  See Mac-Gray Servs., Inc. v. DeGeorge, 913 So. 2d 630, 634 (Fla. Dist. Ct. App. 2005); Hillcrest Pac. Corp. v. Yamamura, 727 So. 2d 1053, 1056 (Fla. Dist. Ct. App. 1999).  Barrett also failed to prove that SunTrust made, in violation of the Deceptive Practices Act, a representation that would likely have misled a reasonable purchaser about the value of Lot 74.  See Millennium Commc'ns & Fulfillment, Inc. v. Office of Att'y Gen., 761 So. 2d 1256, 1263 (Fla. Dist. Ct. App. 2000).  Barrett acknowledged in the financing agreement that SunTrust made no representations or warranties about the value of the property.  Barrett challenges the viability of the disclaimers, but by electing to sue for damages instead of rescission, Barrett "affirm[ed] the contract, and thus ratifie[d] the terms of the agreement," including the disclaimers.  Mazzoni Farms, Inc. v. E.I. DuPont De Nemours and Co., 761 So. 2d 306, 313 (Fla. 2000).  The disclaimers in the loan application and financing agreement expressly contradict Barrett's claims about being fraudulently induced to purchase based on representations by SunTrust about the value of Lot 74.

We **AFFIRM** the summary judgment in favor of SunTrust.